**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Johandry Miranda, | No. CV-25-02706-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Tucson Deliveries LLC, et al., | |
| Defendants. | |

Before the Court is Plaintiff's Motion for Alternative Service (the "Motion") (Doc. 5). Plaintiff requests an order, pursuant to Fed. R. Civ. P. 4(e)(1) and Ariz. R. Civ. P. 4.1(k), authorizing alternative service on Defendants by means of regular U.S. Mail and Certified U.S. Mail to Defendants' residential address.

**I.**

Plaintiff alleges violations of the Fair Labor Standards Act, Virginia Minimum Wage Act, and Virginia Wage Act due to Defendants' failure to pay Plaintiff any wage. (Doc. 1 at ¶¶ 75, 79, 84). Defendants are Plaintiff's former employer and include Tucson Deliveries LLC, and Defendants William Serrano and Mirian V. Gutierrez. (*Id.* at ¶¶ 15, 34-35.) Mr. Serrano and Ms. Gutierrez are married and co-owners of Tucson Deliveries. (*Id.* at ¶ 15).

Plaintiff has unsuccessfully attempted service at an address shared by all Defendants. (Doc. 5-1 at 9-10.) That address is listed in the Maricopa County Assessor Information for William Serrano as Mr. Serrano's current primary address. (Doc. 5-2

at 13.) The address is also found in the Arizona Corporation Commission Information for Tucson Deliveries as the address of the business itself and of Ms. Guitierrez in her capacity as statutory agent for Tucson Deliveries. (Doc. 5-3 at 19.)

Over the span of twenty days, a qualified process server made five unsuccessful attempts. (Doc. 1 at 9-10.) Those attempts were made at varying times of day that ranged between 8:12 a.m. and 7:20 p.m. (*Id.*) According to the process server, on the first attempt, the door opened briefly but was then slammed shut. (*Id.* at 9.) He heard voices saying "don't." (*Id.*) Before the process server's final attempt, he tried calling one of the defendants via telephone to coordinate service, and after receiving no return call, he once again attempted personal service at the address. (*Id.* at 10.) A young girl answered the door, confirmed that Defendants lived at the address, then said that Defendants were not home. (*Id.*)

## II.

Rule 4(e)(1) of the Federal Rules of Civil Procedure provides that individuals may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located . . ." Fed. R. Civ. P. 4(e)(1). Arizona law enumerates several sufficient methods to serve individuals by:

> (1) delivering a copy of the summons and the pleading to that individual personally; (2) leaving a copy of each at that individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (3) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Ariz. R. Civ. P. 4.1(d). Corporations and other associations may be served "by delivering a copy of the summons and the pleading being served to a partner, an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Ariz R. Civ. P. 4.1(i). If a moving party shows service by those means is "impracticable," the Court may "order that service [] be accomplished in another

manner." *Id.* 4.1(k)(1).

"Impracticable does not mean impossible, but rather that service would be 'extremely difficult or inconvenient.'" *Bank of New York Mellon v. Dodey*, 246 Ariz. 1, 10 (Ct. App. 2018) (quoting *Blair v. Burgener*, 226 Ariz. 213, 218 (Ct. App. 2010)). In *Blair v. Burgerener*, the Arizona Court of Appeals determined the standard of impracticability requires something less than the "due diligence" standard. *Id.* at 218. ("[T]he showing for alternative service requires something less than a complete inability to serve the defendant because the defendant's current address is unknown or the defendant completely has avoided service of process."). Applying that standard, the court deemed personal service in that case to be impracticable because the plaintiff attempted service at the defendants' place of business and residence at various times on five different days. *Id.* at 219. In addition, the court "approvingly cited a New York case on a similar service issue," in which "the New York court concluded that three attempts at service on three different days constituted sufficient efforts to warrant alternative means of service." *BMO Harris Bank, N.A. v. D.R.C. Invests., L.L.C.*, No. CV-13-1692, 2013 WL 4804482, at *4 (D. Ariz. Sept. 9, 2013) (citing *Blair*, 226 Ariz. at 218).

Plaintiff made five attempts over the course of twenty days at various times of day. (Doc 5-1 at 9-10.) And while the court in *Blair* held that a finding of impracticability requires less than a showing of "a complete inability" to serve the defendant, *Blair*, 226 Ariz. at 218, Plaintiff's showing goes further; Defendants seem to have actively evaded service by shutting their door in the face of the process server. (*Id.* at 9.) It would make little sense to insist on further attempts at personal service at this address. Plaintiff's unsuccessful attempts to serve Defendants at their place of residence and business rise to the level of impracticability that warrants alternative service under Arizona Rule of Civil Procedure 4.1(k)(1).

**III.**

Plaintiff seeks leave to serve Defendants via U.S. Mail and Certified U.S. Mail. (Doc. 5 at 1.) Alternative means of service must comport with constitutional notions of due

process. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Specifically, means of service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* Mailing, but also posting, the summons and complaint to the address where personal service has been attempted is sufficient to meet due process. That address is likely to provide notice to Defendants because it is listed as Mr. Serrano's current primary address (Doc. 5-2 at 13), Ms. Gutierrez's mailing address as a statutory agent of Tucson Deliveries (Doc. 5-3 at 19), and Tucson Deliveries' business address (*Id.*).

IV.

Accordingly,

**IT IS ORDERED** granting Plaintiff's Motion for Alternative Service. (Doc. 5.)

**IT IS FURTHER ORDERED** that Plaintiff serve Defendants by sending, via U.S. Mail and Certified U.S. Mail, a copy of the summons and complaint to 21554 West Sonora Street, Buckeye, AZ 85326.

**IT IS FINALLY ORDERED** that Plaintiff post a copy of the summons and complaint on the front door of 21554 West Sonora Street, Buckeye, AZ 85326, to further ensure notice.

Dated this 3rd day of October, 2025.

Michael T. Liburdi
United States District Judge