**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Johandry Miranda, | No. CV-25-02706-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Tucson Deliveries LLC, et al., | |
| Defendants. | |

Plaintiff filed this action for unpaid wages against Tucson Deliveries LLC and William Serrano and Mirian V. Gutierrez Sanchez, a married couple. (Doc. 1.)

Plaintiff alleges that he was engaged by Defendants to perform appliance delivery services in Viginia for approximately two weeks in July 2025.* (Doc. 17-1 ¶¶ 7-8) The parties' agreed-upon daily rate of pay was $300. (*Id.* ¶ 9.) Plaintiff alleges he worked substantially more than 40 hours per week: 60 hours in the first work week and 48 hours in the second. (*Id.* ¶ 10.) He did not get paid. (*Id.* ¶ 11.)

All Defendants were served but they failed to appear. (Docs. 8, 9, 10.) Default was entered. (Doc. 12.) Plaintiff now moves for a default judgment. (Doc. 17.)

## I.

The Court has reviewed the Motion for Default Judgment and the entire record. Jurisdiction and venue are proper. The Court also finds that Plaintiff has satisfied all service of process and notice requirements under the Federal Rules of Civil Procedure. Plaintiff

---

* Plaintiff appears to have been engaged to work for at least two weeks but separated after working 9 days.

has also satisfied the conditions for the entry of default and the entry of a default judgment under Rule 55(a) and (b).

## II.

The Court has considered the factors set forth in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). The factors below are to be considered when deciding whether default judgment is appropriate:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id*. at 1471-72.

### A.

The first, fifth, and sixth factors weigh in Plaintiff's favor. Denying default judgment would leave Plaintiff without a remedy, because Defendants chose not to appear and defend this case. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). The fifth factor also supports default judgment because "all well-pleaded facts in the complaint are taken as true . . . [therefore] no genuine dispute of material facts would preclude granting" the Motion. *Id*. Additionally, the sixth factor warrants entering default judgment because Defendants were properly served under the Federal Rules of Civil Procedure and the Arizona Rules of Civil Procedure. (Docs. 8-9) *See Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1071-72 (D. Ariz. 2006) (finding that a defendant's failure to answer is likely not a result of excusable neglect if the defendant is served properly).

### B.

The second and third *Eitel* factors, the merits of the claim and the sufficiency of the complaint, are often "analyzed together and require courts to consider whether a plaintiff has stated a claim on which [he] may recover." *Vietnam Reform Party v. Viet Tan-Vietnam Reform Party*, 416 F. Supp. 3d 948, 962 (N.D. Cal. 2019) (citation modified). Plaintiff has

sufficiently alleged entitlement to relief on the merits. The Complaint provides an estimate of the time that Plaintiff worked without adequate compensation under the Fair Labor Standards Act, 29 U.S.C. § 206, and the applicable State of Virginia wage-and-hour laws, Va. Code Ann. § 40.1-28.8, *et seq*. Although Plaintiff does not have complete payment records, that does not diminish Plaintiff's claim where the employer does not keep adequate records for uncompensated work. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946), *superseded by statute on other grounds*. Defendants did not appear in this action, so it is presumed that they did not keep accurate records. *Id.* ("The burden shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence."). The Court finds that these factors weigh in Plaintiff's favor.

## C.

Under the fourth factor, the Court considers the amount of money at stake related to the seriousness of Defendant's conduct. *See PepsiCo, Inc.*, 238 F. Supp. 2d at 1176. "If the sum of money at stake is completely disproportionate or inappropriate, default judgment is disfavored." *Streeter*, 438 F. Supp. 2d at 1071.

Plaintiff seeks unpaid wages under three theories of recovery. He first seeks federal unpaid minimum wages in the amount of $783 and liquidated damages of $783, which, combined under 29 U.S.C. § 216(b), is $1,566. (Doc. 17-1 ¶ 15)

Next, Plaintiff seeks unpaid Virginia statutory minimum wages in the amount of $1,340.28, which, after trebling under Va. Code Ann. § 40.1-29(J), is $4,020.84. (Doc. 17-1 ¶ 16) The Court finds, under Va. Code Ann. § 40.1-29(J), that Defendants knowingly failed to pay Plaintiff wages because they engaged him to perform delivery services, paid for expenses including the delivery truck and lodging, but failed to pay him for the two workweeks of his employment along with some out-of-pocket expenses. (Doc. 1 ¶¶ 40-47) Trebling, therefore, is appropriate in this case.

Finally, Plaintiff seeks recovery of his unpaid agreed-upon daily rate of $300. For the 9 days worked, Plaintiff seeks $2,700. (Doc. 17-1 ¶ 13.) After trebling under Va. Code

Ann. § 40.1-29(J), this amount is $8,100.

Plaintiff is not entitled to multiple recoveries under all his unpaid wage theories for the same hours worked. *See Rodriguez v. Pride Dealer Servs. Inc.*, No. CV-23-01955-PHX-ROS, 2024 WL 1991443, at *4 (D. Ariz. May 6, 2024) ("Plaintiff may not 'stack' these damages to recover both minimum wage and unpaid wage or unpaid overtime wages damages for the same hours."). Since the parties' agreed upon daily rate of pay yields the highest recovery, the Court will award Plaintiff $8,100 in unpaid wages. The Court finds this amount is reasonable given the nature of the work performed and Defendant's conduct in failing to compensate Plaintiff. As a result, the fourth *Eitel* factor favors the entry of default judgment.

### D.

As the Federal Rules of Civil Procedure favor a decision on the merits, the seventh factor generally weighs against default judgment. But the existence of Rule 55(b) "indicates that 'this preference, standing alone, is not dispositive.'" *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177 (quoting *Kloepping v. Fireman's Fund*, 1996 WL 75314, at *3 (N.D. Cal. Feb. 13, 1996)). This factor is not sufficient on its own to preclude an entry of default judgment.

\*          \*          \*

Upon weighing all the *Eitel* factors, the Court finds that Plaintiff has a right to default judgment.

**IT IS THEREFORE ORDERED** that the Motion for Default Judgment (Doc. 17) is **GRANTED**. Plaintiff is awarded judgment against Defendants Tucson Deliveries LLC and William Serrano and Mirian V. Gutierrez (husband and wife) as follows:

    A.    For a trebled award of Plaintiff's unpaid wages of $2,700 in the amount of $8,100 for which Defendants Tucson Deliveries LLC and William Serrano and Mirian V. Gutierrez (husband and wife) shall be jointly and severally liable;

. . . .

- 4 -

B.    For Plaintiff's attorneys' fees and costs, a motion for attorneys' fees and costs will be filed under LRCiv 54.2; and

C.    For post-judgment interest on the above amount at a rate of 3.51% per annum as of this Order.

**IT IS FINALLY ORDERED** that the Clerk of Court must enter judgment consistent with this Order and close this case.

Dated this 18th day of May, 2026.

Michael T. Liburdi
United States District Judge

- 5 -